NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN BIAO HE,<br><br>  Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No.  21-70488<br><br>Agency No. A215-825-306<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

Xin Biao He, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]  The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

of an Immigration Judge ("IJ") denying a fourth continuance of his removal hearing and finding his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") abandoned. We have jurisdiction under 8 U.S.C. § 1252 and grant the petition.

The IJ abused his discretion in concluding that He had abandoned his claims for relief. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008). He made multiple attempts to obtain counsel, and at one point He obtained counsel who subsequently withdrew. At the time that He sought a fourth continuance, He testified that he was working with the Justice Department's Legal Orientation Program to complete his asylum application and was advised that he should defer filing an asylum application until he could obtain a transcript of his credible fear interview. The IJ abused his discretion in concluding that He abandoned the application on this record, when it is clear that He was diligently preparing the application with the limited resources available to him. Because He's application would have been based on the same claims that led to the asylum officer's credible fear determination, providing important evidence to support He's claims for relief, the IJ should have granted a reasonable continuance. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (stating that an IJ should consider "the nature of the evidence excluded as a result of the denial of the continuance" in evaluating a continuance request).

2

**PETITION GRANTED.**